# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JUAN M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. ED CV 19-00331-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Juan M. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings.

## I. BACKGROUND

Plaintiff filed an application for SSI and DIB on October 27, 2016 alleging disability beginning January 19, 2015. See Dkt. 16, Administrative Record ("AR") 249. After being denied initially and on reconsideration,

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 10, 2018. See AR 41-67. At the hearing, Plaintiff amended the alleged onset date to October 27, 2016. See AR 66. The ALJ issued an unfavorable decision on August 27, 2018. See AR 23-34.

The ALJ found that Plaintiff had the severe impairments of major depressive disorder with psychotic features and schizophrenia. See AR 26. The ALJ found Plaintiff had the medically determinable but not severe impairments of amphetamine abuse; lumbar levoscoliosis, spondylosis, and sacroiliac joint disease; left shoulder acromioclavicular osteoarthritis and tendinosis; insomnia; and mitral valve prolapse. See AR 26-27. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of exertional work with the following non-exertional limitations:

> can understand, remember, and carry out simple instructions and make simple work-related decisions; can sustain an ordinary routine without special supervision; can work at a consistent pace throughout the workday, but not at a production rate pace where each task must be completed within a strict time deadline; can tolerate occasional interaction with coworkers and supervisors, but no interaction with the public; and can tolerate occasional changes in the work setting.

AR 28. Based on the evidence of record, including the testimony of a vocational expert, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, including general laborer, conveyer tender, and warehouse worker. See AR 33-34. Consequently, the ALJ concluded that Plaintiff was not disabled. See AR 34.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 5-7. This action followed. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ erred in (1) rejecting the opinion of an examining psychiatrist and (2) discrediting Plaintiff's subjective symptom testimony. See Dkt. 21, Joint Statement ("JS") at 4.[2]

### A. Medical Evidence

Plaintiff contends the ALJ improperly evaluated the opinion of an examining psychiatrist, Dr. Khushro Unwalla. See JS at 4-9.

#### 1. Applicable Law

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 416.927(c). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. See Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014).

When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. The ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the

---

[2] All citations to the JS are to the CM/ECF pagination.

doctor's specialty, among other factors. See 20 C.F.R. § 416.927(c). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

2. **Medical Opinion**

On February 9, 2017, Dr. Unwalla completed a psychiatric evaluation of Plaintiff. See AR 393-97. He noted that Plaintiff maintained good eye contacted and established rapport with the examiner. See AR 395. Plaintiff was fluent and had normal prosody, rate, and rhythm though Plaintiff was interviewed with the help of a Spanish translator. See AR 393, 395. Plaintiff had negative thoughts and felt helpless and hopeless. See AR 395. He had auditory and visual hallucinations and had intrusive thoughts of wanting to hurt himself. See id. Plaintiff demonstrated poor cognition and memory, as he knew the date but could only remember one out of three words after five minutes. See id. Plaintiff could not do serial sevens and could spell "mundo" forward but not backward. Id. He demonstrated concrete thought and could name the current President. See id. Plaintiff demonstrate fair insight and judgment. See id.

Based on these objective findings and Plaintiff's medical history, Dr. Unwalla gave Plaintiff had a Global Assessment of Functioning ("GAF") score of 59. See AR 396. He opined that Plaintiff had mild limitations performing simple and repetitive tasks, with moderate limitation on performing detailed and complex tasks. See id. He opined Plaintiff had mild difficulties in maintaining social functioning, moderate difficulty in focusing and maintaining attention, and moderate difficulty in concentration, persistence, and pace. See id. Plaintiff had a fair level of personal independence and was capable of performing activities of daily living. See id. Dr. Unwalla

opined that Plaintiff had moderate limitations completing a normal workday or workweek, moderate limitations accepting instructions from supervisors, and moderate limitations in interacting with coworkers and the public. See id. He opined that Plaintiff would have moderate difficulty dealing with the stress, changes, and demands of gainful employment. See id.

On September 18, 2017, Dr. Unwalla performed a second psychiatric evaluation of Plaintiff. See AR 523-27. Dr. Unwalla noted that Plaintiff had depressed mood, slow and soft speech, got easily confused and disorganized, and endorsed visual and auditory hallucinations. See AR 525. Plaintiff was oriented to person, place, and situation, but not time. See id. He registered three out of three items at zero minutes and one out of three items at five minutes. See id. Plaintiff was unable to do serial three or sevens and could not spell any five-letter word forward or backward. See AR 526. Plaintiff demonstrated concrete thought. See AR 525. Plaintiff could identify the current President but not the previous two Presidents and could not identify the capital of the United States or California. See AR 526.

Dr. Unwalla gave Plaintiff a GAF score of 54. See id. He opined Plaintiff had moderate difficulty interacting with clinical staff, maintaining composure and even temperament, and maintaining social functioning. See id. Plaintiff had moderate difficulty in concentration, persistence and pace. See id. Plaintiff had a fair level of personal independence and was capable of performing activities of daily living. See id. Plaintiff had moderate limitations on performing simple and repetitive tasks and moderate limitations performing detailed and complex tasks. See id. Dr. Unwalla opined that Plaintiff had moderate limitations completing a normal workday or workweek, moderate limitations accepting instructions from supervisors, and moderate limitations in interacting with coworkers and the public. See AR 526-27. He opined that

Plaintiff would have moderate difficulty dealing with the stress, changes, and demands of gainful employment. See AR 527.

### 3. Analysis

In his decision, the ALJ reviewed Dr. Unwalla's opinions at considerable length. See AR 29-30. Later, the ALJ noted that he gave Dr. Unwalla's opinion "great weight" and noted that he assessed "no more than moderate limitations." AR 31. The ALJ then noted that "medications have been helping" Plaintiff although he "has had setbacks because he has been a no show several times for medication management appointments." Id. Plaintiff argues that although the ALJ claimed to give Dr. Unwalla's opinion great weight, the ALJ actually discounted Dr. Unwalla's opinion. See JS at 5. Plaintiff argues that Dr. Unwalla opined that Plaintiff had moderate limitation in completing a workday or workweek, moderate difficulty in performing work activities on a daily basis without special or additional supervision, and moderate difficulty in handling the usual stresses, changes, and demands of gainful employment. See JS at 5 (citing AR 396, 526-27).

Given that he gave Dr. Unwalla's opinion great weight, the ALJ was required in his RFC to account for Dr. Unwalla's finding that Plaintiff had "moderate" limitations in his ability to perform work activities on a consistent basis without special or additional supervision and complete a workday or workweek due to his mental conditions. See Betts v. Colvin, 531 F. App'x 799, 800 (9th Cir. 2013) (finding error where ALJ gave great weight to doctor's opinion but failed in RFC to account for "moderate" limitations in completing normal workweek without psychologically-based interruptions); Wascovich v. Saul, No. 18-659, 2019 WL 4572084, at *5 (E.D. Cal. Sept. 20, 2019) ("This court adopts Betts analysis. The term 'moderate' should be interpreted to carry, in the context of disability, some semantic weight. . . . This does not necessarily mean that the ALJ was required to explicitly transcribe the

limitation in the RFC. Rather, he is required to account for it in his 'translation.'").

The Court finds that the ALJ's RFC did not satisfy this requirement. Dr. Unwalla opined that Plaintiff would have "moderate difficulties to be able to perform work activities on a consistent basis without special or additional supervision." AR 526. Notwithstanding this opinion, the ALJ found that Plaintiff could "sustain an ordinary routine without special supervision." AR 31. Dr. Unwalla also opined that Plaintiff would have "moderate limitations completing a normal workday or workweek." AR 526. The ALJ did not account for this limitation by, for example, providing for time off-task or work absences. See AR 28.

The ALJ appears to have explained any deviation from Dr. Unwalla's opinion because Plaintiff's symptoms improved with medication and Plaintiff was a no-show for medication management on several occasions. See AR 31. But the record shows that Plaintiff was on his medication at the time of Dr. Unwalla's opinion and thus Dr. Unwalla considered Plaintiff's medication when he rendered his opinions. See AR 527, 622.

Given that he gave Dr. Unwalla's opinion great weight, the ALJ was required to include or address Dr. Unwalla's opinions about Plaintiff's limitations in performing work activities without supervision and complete and normal workday/workweek. He did not. Remand is warranted under these circumstances. See Richardson v. Colvin, No. 15-7779, 2016 WL 4487823, at *5 (C.D. Cal. Aug. 25, 2016) ("A remand is appropriate where, as here, the ALJ finds a physician's opinion credible, but then fails to include or address material aspects of that opinion in the RFC determination.").

**B.**   **Subjective Symptom Testimony**

Plaintiff also contends the ALJ failed to provide clear and convincing reasons to reject his testimony. See JS at 20-25.

1. **Applicable Law**

The Court engages in a two-step analysis to review the ALJ's evaluation of a claimant's symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Garrison, 759 F.3d 995, 1014 (9th Cir. 2014) (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1014-15 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). If the ALJ's subjective symptom finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

2. **Analysis**

Here, the ALJ considered Plaintiff's subjective symptom testimony and found that it was not consistent with Plaintiff's "alleged disabling impairments as well as the evidence of record." AR 32. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 32.

First, the ALJ explained that the medical record did not demonstrate evidence of symptoms, objective medical abnormalities, diagnoses, or treatment consistent with the severity of symptoms as alleged by Plaintiff. See

AR 32. Although this could not be the sole reason for discrediting Plaintiff's testimony, it was a relevant factor for the ALJ to consider in determining the severity of Plaintiff's symptoms and their disabling effect. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Second, the ALJ considered Plaintiff's failure to seek treatment and improvement on medication in discounting Plaintiff's subjective symptom testimony. See AR 32. Substantial evidence in the record supports this determination. See AR 620, 622-23. Plaintiff's failure to follow his prescribed treatment regime constituted a clear and convincing reason to discount his subjective symptom testimony. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

Second, the ALJ found that Plaintiff's subjective symptom testimony was not consistent with his activities of daily living. See AR 32. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014). Plaintiff's daily activities include all aspects of personal care, making meals daily, doing laundry, cleaning, shopping for groceries daily, going outside alone every day, paying bills, counting change, getting along with others, paying attention for twenty minutes at a time, and following written and spoken instructions. See AR 32. Plaintiff's daughter also reported that Plaintiff got along well with authority figures. See id. Plaintiff's testimony indicated that his mental impairments affect his ability to stay focused and get along with others. As such, evidence that Plaintiff maintained good relationships with others and could stay focused provided a clear and convincing reason for the ALJ to determine that Plaintiff's impairments were not as disabling as Plaintiff claimed. Further, any error in discounting Plaintiff's subjective symptom testimony based on Plaintiff's daily activities would be harmless because the ALJ has provided a different clear and

convincing reason to discount that testimony. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

Because the ALJ provided two clear and convincing reasons to discount Plaintiff's subjective symptom testimony, remand is not warranted on this claim of error.

**C.     Remand Is Warranted**

The decision whether to remand for further proceedings is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179; Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the plaintiff disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); Garrison, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act"). Remand is appropriate where, as here, the ALJ finds a physician's opinion credible, but then fails to include or address material aspects of that opinion in the RFC determination.

Here, remand is appropriate for the ALJ to fully and properly consider Dr. Unwalla's opinion and to determine whether that opinion supports a finding of disability. On remand, the ALJ shall either (1) provide clear and convincing reasons for rejecting Dr. Unwalla's opinions or (2) include the limitations set forth by the doctor in the RFC assessment and any hypothetical questions posed to the VE.

## III. CONCLUSION

The decision of the Social Security Commissioner is reversed and this case is remanded.

IT IS SO ORDERED.

Date: February 28, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge